United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 17, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60911
Conference Calendar

_____

KENNETH D. GANDY,

Plaintiff-Appellant,

versus

JOHN LEXINGTON, CEO of Vibe Magazines,

Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:05-CV-100
---------------------

Before HIGGINBOTHAM, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Kenneth D. Gandy, Mississippi prisoner # 94933, appeals from the district court's judgment dismissing his 42 U.S.C. § 1983 complaint as frivolous. The district court did not err by dismissing Gandy's complaint; Gandy may not proceed under § 1983 against an entity that is not acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The dismissal of this appeal and the district court's dismissal of Gandy's complaint for failure to state a claim count

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

as strikes under the Prison Litigation Reform Act.  See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).  We previously noted that Gandy has accumulated three strikes under 28 U.S.C. § 1915(g) and barred him from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  Gandy v. Jiffy Fulfillment, Inc., No. 05-60959, 2007 WL 519840 (5th Cir. Feb. 13, 2007).  Moreover, we warned Gandy that further sanctions might be imposed should he fail to withdraw any pending appeals that are frivolous.  Id.  We therefore impose a monetary sanction of $100 against Gandy, payable to the clerk of this court.  The clerk of this court and the clerks of all federal district courts within this circuit are directed to refuse to file any pro se civil complaint or appeal by Gandy unless Gandy submits proof of satisfaction of this sanction.  If Gandy attempts to file any further notices of appeal or original proceedings in this court without such proof the clerk will docket them for administrative purposes only.  Any other submissions which do not show proof that the sanction has been paid will neither be addressed nor acknowledged.

APPEAL DISMISSED; SANCTION IMPOSED.